ATTORNEY GENERAL SUSAN LOVING HAS DIRECTED ME TO RESPOND TO YOUR LETTER DATED SEPTEMBER 24, 1991, WHICH POSES THE FOLLOWING QUESTION:
 I THE "AIDS" SUPPORT PROGRAM, INC. A PUBLIC BODY AND THEREFORE SUBJECT TO THE OPEN MEETING ACT AND THE OPEN RECORDS ACT?
BECAUSE THE QUESTION OF WHETHER A PARTICULAR CORPORATION IS SUBJECT TO THE OPEN MEETINGS ACT OR OPEN RECORDS ACT IS A FACTUAL DETERMINATION, YOUR QUESTION CANNOT BE ANSWERED WITH AN OFFICIAL ATTORNEY GENERAL'S OPINION. THIS OFFICE CAN, HOWEVER, PROVIDE YOU WITH SOME GENERAL PRINCIPLES REGARDING ENTITIES SUBJECT TO THOSE ACTS.
WHETHER A CORPORATION IS A "PUBLIC BODY" FOR PURPOSES OF THE OPEN MEETING ACT OR OPEN RECORDS ACT DEPENDS UPON WHETHER THE CORPORATION IS SUPPORTED IN WHOLE OR IN PART BY PUBLIC FUNDS OR ENTRUSTED WITH THE EXPENDING OF PUBLIC FUNDS, OR ADMINISTERING PUBLIC PROPERTY. SEE 25 O.S. 304(1) (1990) AND 51 O.S. 24A.3(2). IF A CORPORATION MEETS THIS TEST, THEN IT IS A "PUBLIC BODY" AND SUBJECT TO THE OPEN MEETING ACT AND OPEN RECORDS ACT.
IN THE ABSENCE OF A STATUTORY PROVISION THAT THE AIDS SUPPORT PROGRAM INC. IS SUPPORTED IN WHOLE OR IN PART BY PUBLIC FUNDS OR ENTRUSTED WITH THE EXPENDING OF PUBLIC FUNDS, OR ADMINISTERING PUBLIC PROPERTY, IT CANNOT BE DETERMINED AS A MATTER OF LAW WHETHER THAT CORPORATION IS A "PUBLIC BODY" FOR PURPOSES OF THE OPEN MEETING AND OPEN RECORDS ACTS.
(JEFF MIXON)